**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ASHLEY LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-636-GKF-FHM |
| ) | |
| DELBERT JACKSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss [Dkt. # 8] of defendant Delbert Jackson ("Jackson"). Jackson seeks dismissal of the Amended Complaint [Dkt. # 5] of plaintiff Ashley Lane ("Lane") under Fed. R. Civ. P. 12(b)(6). Lane alleges Jackson violated the Fourth Amendment by seizing her and searching her parents' home while she was an overnight guest.

**I. Standard**

Federal Rule of Civil Procedure 8(a) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that fail to satisfy the rule are subject to dismissal under Fed. R. Civ. P. 12(b)(6). The current standard for 12(b)(6) motions follows a middle path between heightened fact pleading and allowing complaints based on conclusory allegations. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). After setting aside conclusory statements, the court considers whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). These facts are viewed in the light most favorable to the plaintiff. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493

F.3d 1174, 1177 (10th Cir. 2007). Complaints must be sufficiently plausible to weed out claims that have no reasonable prospect of success, and sufficiently specific to "inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177. "The issue on a 12(b)(6) motion 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Dickman v. Lahood*, 2012 WL 4442644, at *5 (D. Kan. Sept. 26, 2012) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)).

## II. Background

Lane filed her initial complaint *pro se* September 30, 2013. [Dkt. # 1]. The Court dismissed *sua sponte* on the ground that plaintiff did not factually allege a reasonable expectation of privacy in her parents' home, and granted leave to amend by October 15, 2013. [Dkt. # 4]. Lane obtained counsel and filed the Amended Complaint on October 15, 2013. [Dkt. # 5].

The Amended Complaint alleges Jackson was a police officer for the City of Depew, Oklahoma, and was acting under color of state law at the time plaintiff's cause of action arose. [Dkt. # 5, ¶ 2]. At that time, plaintiff was at the residence of her parents in Depew, Oklahoma. [*Id.* ¶ 3]. Plaintiff is a student at Oklahoma State University in Stillwater, Oklahoma, where she has her principal residence. [*Id.*]. She occasionally visits her parents and "stays for one or more days and nights." [*Id.*].

During one such visit, on or about January 3, 2013, Lane was at her parents' house while they were absent. [*Id.* at ¶¶ 3-4]. Jackson, acting as a police officer, entered and searched the

residence without a warrant, other lawful authority, or consent. [*Id.* at ¶ 4]. He pushed and detained Lane while he conducted an unlawful search of the house. [*Id.* at ¶ 5]. Defendant was later charged in Creek County District Court with breaking and entering the residence, and pled guilty. [*Id.* at ¶ 6]. Lane seeks actual and punitive damages based on unlawful search and seizure, pursuant to 42 U.S.C. § 1983.

### III. Discussion

Jackson seeks dismissal on five grounds: (1) Lane had no reasonable expectation of privacy in the home searched because she was a guest, (2) Jackson's entry was justified by exigent circumstances and thus lawful, (3) the complaint does not properly allege a search or seizure occurred, (4) Lane has alleged a conclusory excessive force claim and provided no facts regarding an injury, and (5) any harm resulting from the alleged search and seizure was *de minimis*. Jackson also seeks dismissal of the request for punitive damages.

An overnight guest has a reasonable expectation of privacy in the home of her host. *United States v. Maestas*, 639 F.3d 1032, 1035 (10th Cir. 2011) (citing *Minnesota v. Olson*, 495 U.S. 91, 98, 110 S. Ct. 1684, 1689, 109 L.Ed.2d 85 (1990)). Further, a social guest who does not stay overnight nevertheless has a reasonable expectation of privacy in the host's property. *Id.* at 1036. To qualify for protection under the Fourth Amendment, a social guest must show a "degree of acceptance into the household" or an "ongoing and meaningful connection to [the host's] home." *Id.* (quoting *United States v. Rhiger*, 315 F.3d 1283, 1286 (10th Cir. 2003)). Plaintiff has alleged she was an overnight guest of her parents, and therefore has alleged a reasonable expectation of privacy in the home searched.

Jackson's argument that his entry was justified by exigent circumstances is not appropriate for the dismissal stage. "[A] district court cannot consider material outside of a

complaint when considering whether to dismiss a claim under Rule 12(b)(6)."  *United States v. Gallegos*, 2012 WL 313614, at *1 (10th Cir. Feb. 2, 2012).  The complaint does not mention exigent circumstances, but alleges simply that Jackson did not have a warrant, consent, or other basis for lawful entry.  In addition, Lane provides the factual allegation that Jackson pled guilty in Creek County District Court to breaking and entering her parents' home.

Next, Jackson argues no search occurred because Lane does not allege that any information was obtained or any property seized, and because no search occurs "when a law enforcement officer makes *visual observations* from a vantage point he rightfully occupies." [Dkt. # 8 at 4] (citing *United States v. Burns*, 624 F.2d 95, 100 (10th Cir. 1980)).  By its terms, this rule cannot apply where the vantage point was *not* rightfully occupied because the officer was not lawfully on the premises.  The "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."  *Payton v. New York*, 445 U.S. 573, 585, 100 S. Ct. 1371, 1379, 63 L. Ed. 2d 639 (1980) (quotations omitted); *see also Kyllo v. United States*, 533 U.S. 27, 31, 121 S. Ct. 2038, 2041, 150 L. Ed. 2d 94 (2001) ("At the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion. With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no.") (citations omitted).  Lane has met her burden to allege a search occurred by stating Jackson entered the home without a warrant and with no basis for an exception to the warrant requirement.

With respect to Jackson's excessive force arguments, the Amended Complaint makes no claim for excessive force, nor does Lane raise excessive force in her response.

Regarding Jackson's contention that any alleged violations were *de minimis*, the Tenth Circuit has held that "intentional, uninvited" entries onto commercial property "were more than *de minimis* searches under the Fourth Amendment." *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 843-44 (10th Cir. 2005). The same constitutional protections are heightened with respect to a private residence. *See Kyllo*, 533 U.S. at 31. Similarly, an individual's Fourth Amendment rights are violated when a police officer unreasonably restrains the individual's liberty through physical force or show of authority. *Bradford v. Wiggins*, 516 F.3d 1189, 1196 (10th Cir. 2008). Assuming for the purposes of Rule 12(b)(6) that Lane's factual allegations are true, the complaint sufficiently alleges violation of the right to be free from unreasonable searches and seizures.

Punitive damages against an individual defendant in a § 1983 action may be awarded if the defendant exhibited "reckless or callous disregard for the plaintiff's rights" or intentionally violated federal law. *Smith v. Wade*, 461 U.S. 30, 51, 103 S. Ct. 1625, 1637, 75 L. Ed. 2d 632 (1983). If proven, the allegations of the Amended Complaint could establish Jackson acted in reckless disregard of Lane's rights, particularly in light of Jackson entering a guilty plea pursuant to a charge of breaking and entering the Lanes' home. Therefore, the request to dismiss the prayer for punitive damages is denied.

Defendant shall file his answer within fourteen (14) days of the date of this Order.

**IV. Conclusion**

Jackson's Motion to Dismiss [Dkt. # 8] is denied.

**IT IS SO ORDERED** this 14th day of May, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT